**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
)
LINCOLN J. GAUDET AND DEANNE M. GAUDET )
)                    C.A. NO.  1:23-CV-10667-RGS
         *Plaintiffs,*       )
)
 vs.                  )
)
RUSHMORE LOAN MANAGEMENT )
SERVICES, LLC and U.S. BANK NATIONAL )
ASSOCIATION, NOT IN ITS' INDIVIDUAL )
CAPACITY BUT SOLELY AS TRUSTEE OF )
THE TRUMAN 2021-SC9 TITLE TRUST )
)
         *Defendants.*      )
_____)

## PLAINTIFFS, LINCOLN J. GAUDET AND DEANNE M. GAUDET'S, OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH SUPPORTING MEMORANDUM OF LAW

       Now comes the Plaintiffs, Lincoln J. Gaudet and Deanne M. Gaudet, in the above-entitled matter, and respectfully requests this Honorable Court deny Defendants', Rushmore Loan Management Services, LLC ("Rushmore") and U.S. Bank National Association, Not In Its' Individual Capacity But Solely As Trustee Of Truman 2021-SC9 Title Trust ("U.S. Bank"), Motion to Dismiss as to Count I of the Plaintiffs' Complaint.  Upon review of Defendants' Motion to Dismiss, Plaintiffs hereby dismiss Count II of the Complaint.  Plaintiffs submit this memorandum of law in opposition to the arguments made by Defendants in their motion to dismiss regarding Defendants' false assertions that the challenged notice strictly complies with Paragraph 22 of the Mortgage.  Plaintiffs asks that the Court deny Defendants' motion to dismiss and declare that the acceleration which has taken place is void for failure to strictly comply with the condition precedent to properly and unequivocally notify the Plaintiffs of her right to reinstate that mortgage after acceleration as a right that unequivocally exists anytime prior to the foreclosure.

It is important to note that the SJC has determined and described the right to reinstate after acceleration as "unequivocal". Thompson v. JP. Morgan Chase Bank, N.A., 486 Mass. 286, 295 (2020). (Massachusetts SJC describes the right to reinstate as "a mortgagee's *unequivocal* reinstatement rights"). The notice that failed to strictly comply with paragraph 22 was purportedly sent on or about July 15, 2022 and stated "after October 13, 2022" (the right to cure date/ acceleration date), "you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place . . . to avoid foreclosure". This language purported to extended the Plaintiffs' right to reinstate after acceleration to "anytime" before the foreclosure. See Thompson v. JP Morgan Chase Bank, NA., 486 Mass. 286, 294 (2020). ("Reading paragraphs 12 and 16 of the Plaintiffs' mortgage together with this applicable regulation makes clear that Chase not only had the contractual option to accept a reinstatement payment at any point prior to foreclosure, it was required to do so. Thus, while in other States the "five days prior" limitation contained in GSE Uniform Mortgage paragraph 19 may limit a mortgagee's unequivocal reinstatement rights, in Massachusetts, this limitation is superseded by the more generous reinstatement time period specified in the statutory scheme".) Contrary to the Plaintiffs' unequivocal right to reinstate that was extended to "anytime" before the foreclosure, the default/right to cure notice states on page 4 that Rushmore "reserves the right to accept or reject a partial payment of the total amount due without waving its right to proceed with foreclosure". Since the "total amount due" when the mortgage is accelerated is the accelerated amount as defined by Massachusetts General Laws c. 244, § 35A(c)(8) and c. 244 § 19, this language is contrary to, waters down and infringes upon the Plaintiffs' unequivocal right to reinstate the mortgage by paying less the accelerated amount "anytime" before the foreclosure.

## ALLEGED FACTS

Paragraph 22 of the Gaudet Mortgage required that prior to acceleration and foreclosure the Defendants were required to send Plaintiffs Gaudet a Default Notice which informed Plaintiffs Gaudet that he had a "right to reinstate after acceleration".  See Complaint at ¶16.

On or about July 15, 2022, Defendants sent a Notice purporting to comply with Paragraph 22 of the Mortgage.  The Notice states that "After 10/13/2022" (the right to cure date/ acceleration date), "you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place . . . to avoid foreclosure".  This language effectively extended the Plaintiffs' right to reinstate after acceleration to "anytime" before the foreclosure.  See Thompson v. JP Morgan Chase Bank, NA., __ Mass. __ (2020).

Contrary to Plaintiff's unequivocal right to reinstate that was extended to "anytime" before the foreclosure, the default/right to cure notice states on page 5 that "You may redeem the property by paying the total amount due prior to the foreclosure sale" and that Rushmore "reserves the right to accept or reject a partial payment of the total amount due without waving its right to proceed with foreclosure".  Since the "total amount due" when the mortgage is accelerated is the accelerated amount, this language is contrary to, waters down and infringes upon the Plaintiffs unequivocal right to reinstate the mortgage by paying less the accelerated amount "anytime" before the foreclosure.  The above statements are additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".  See Fed. Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592 (Mass. 2017).  Such ambiguous and unnecessary language gives the Defendants the power to delay acceptance of or reject the Plaintiffs tender of

payment pursuant to their unequivocal right to reinstate under Paragraphs 19 and 22 of the Mortgage.  Such language further serves to allow the Defendants to reject payment or continue to proceed enforcing their rights of acceleration and foreclosure if the Plaintiffs tender payment that is less than the whole accelerated balance in breach of the Plaintiffs unequivocal right to reinstate and to "avoid foreclosure by paying the total past due".  Complaint ¶ 22

Plaintiffs allege that the form notice's statement that "Rushmore "reserves the right to accept or reject a partial payment of the total amount due without waving its right to proceed with foreclosure" is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgage because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate his mortgage and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".  Therefore, the Defendants' notice is in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. ch. 244 §21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.  See Complaint at ¶24

## STANDARD OF STRICT COMPLIANCE WITH PARAGRAPH 22 OF THE PLAINTIFFS'S MORTGAGE

The acceleration of the Plaintiffs' Mortgage and foreclosure by statutory power of sale pursuant to M.G.L. c. 183 § 21 are invalid and void unless the condition precedent notice of default/acceleration strictly complies with Paragraph 22 of the Plaintiffs' Mortgage, which informs the borrower, among other factors, that the borrower has an unequivocal right to reinstate the mortgage after acceleration.  Pinti v. Emigrant Mtge. Co., 472 Mass, 226, 227, 232 (2015).  Furthermore, "Paragraph 16 of the Plaintiffs' mortgage states that "[a]ll rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable

Law." Accordingly, the longer time for reinstatement specified by G. L. c. 244, § 35A -- any time prior to the foreclosure sale -- constitutes controlling and applicable law that supersedes the conflicting provision of the mortgage contract.." <u>Thompson v. JP Morgan Chase Bank, NA</u>., 486 Mass. 286, 288, 294 (2020) ("a so-called "hybrid notice" is explicitly contemplated by paragraph 15 of the GSE Uniform Mortgage itself: "[i]f any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.").  A notice that "significantly, and inexcusably, differed from . . . watered down, and overshadowed the notice that was contractually and legally required by the mortgage" fails to strictly comply with the terms of the mortgage and renders a foreclosure void.  <u>Fed. Nat'l Mtge. Ass'n v. Marroquin</u>, 477 Mass 82, 85 (2017).  The Defendants' motion to dismiss attempts to mischaracterize the guidance of the SJC's <u>Thompson</u> decision.

## ARGUMENT

I.    **The Additional Language Challenged Is Not Required By The Mortgage Or Statute And Negates Strict Compliance By Conflicting and Confusing Notification of The Unequivocal Right To Reinstate After Acceleration As If No Acceleration Occurred.**

The Defendants' argument for dismissal challenges the Plaintiffs' contention that the additional language, which states "Rushmore "reserves the right to accept or reject a partial payment of the total amount due without waving its right to proceed with foreclosure", negated strict compliance with Paragraph 22's requirement that the Plaintiffs be strictly notified of his unequivocal right to reinstate after acceleration by paying the arrearage "as if no acceleration occurred".  The Plaintiffs notes that this challenged language is not required by the mortgage or the right to cure notice statute under M.G.L c. 244 § 35A.  The absence of the additional language being a requirement of neither the mortgage or the 35A statute is relevant because while the notice

does state that the borrower has a "right to reinstate after acceleration" on its' face, the First Circuit has recently ruled that additional unrequired language may negate strict compliance with the notification requirements of paragraph 22 of this mortgage by contradicting or confusing unequivocal notification of an unequivocal right.  See Aubee, et. al. v. Selene Finance LP, et. al., CA# 20-1321 (1st Cir. Dec. 21, 2022).  As stated in Thompson at 293, "any notice given pursuant to paragraph 22 of the GSE Uniform Mortgage, regardless whether hybrid, must be accurate and not deceptive".  Likewise additional language that is not required by the mortgager or by statute must be carefully scrutinized to make sure it does not confuse and contradict strictly compliant notification of the unequivocal right to reinstate.

The Defendants further falsely argue that the Plaintiffs is asking that the Court extend "a requirement to comply strictly with paragraph 19 of the mortgage" and repeatedly misimply that paragraph 19 somehow uses the words "total amount due".  This is not true.  The Plaintiffs is not arguing that notification of the "steps" for reinstatement laid out in Paragraph 19 are a requirement of the Mortgage.  FNMA v. Marroquin, 477 Mass. 82, 90 (2017) ("paragraph 19 of the mortgage specifically grants a mortgagor the right to reinstatement after acceleration, and sets forth the steps required to do so").  Rather, the Plaintiffs is simply stating that additional unrequired language that a lender chooses to include in this required notice remain consistent with and not water down an unequivocal right required to be strictly set forth in the notice.  Id. at 85 ("the notice 'significantly, and inexcusably, differed from, watered . . . down, and overshadowed the notice that was contractually and legally required by the mortgage.' He added that 'there was no excuse for the difference in language' and that it was impossible to imagine any purpose for drafting a notice that failed to track the language of the mortgage 'unless, of course, the purpose was to discourage [b]orrowers from asserting their rights.'").

**II.    The Words "Total Amount Due" In The Notice May be Interpreted As Meaning The Accelerated Amount As Defined By Massachusetts General Laws and Under The Applicable Law provisions Of The Mortgage Contract.**

Central to the Plaintiffs' argument is the major differences between redeeming title to a property by paying the whole post-acceleration "total amount due" of a mortgage, as opposed to reinstating the periodic payment terms of a mortgage by paying only the "past due" arrearage. The contractual right to reinstate should not be confused with the equitable right of redemption. Two paragraphs below the challenged language in the notice in this case the Defendants included the following language which is a requirement pursuant to M.G.L. c. 244 ¶35A(c)(8): "You may redeem the property by paying the *total amount due* prior to the foreclosure sale.". (emphasis added). Likewise, 35A(c)(8) is about "redeem[ing] the property" as opposed to "reinstating the mortgage". 35A(c)(8) states that "the mortgagor may *redeem the property* by paying the *total amount due* prior to the foreclosure sale." (emphasis added). This language clearly means that the borrower/mortgagor may exercise the "right of redemption" of title to the property over the lender/mortgagee by paying the entire *whole* accelerated amount of the mortgage and has absolutely nothing to do with avoiding foreclosure by paying a "past due" partial reinstatement amount. In the case of U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass 637, 649 (2011) this Court explained this concept as follows:

> In a "title theory state" like Massachusetts, a mortgage is a transfer of legal title in a property to secure a debt. See *Faneuil Investors Group, Ltd. Partnership* v. *Selectmen of Dennis,* 458 Mass. 1, 6 (2010). Therefore, when a person borrows money to purchase a home and gives the lender a mortgage, the homeowner-mortgagor retains only equitable title in the home; the legal title is held by the mortgagee. See *Vee Jay Realty Trust Co.* v. *DiCroce,* 360 Mass. 751, 753 (1972).

Furthermore, in Eaton v. Fed. Nat'l Mtg. Ass'n, 462 Mass 569, 576 (2012) this Court cited the case of Maglione v. BancBoston Mige. Corp., 29 Mass. App. Ct 88, 90 (1990) which explained

that "the mortgagor retains an equity of *redemption*, and upon payment of the note by the mortgagor . . , *the mortgagee's interest in the real property comes to an end*". (emphasis added). This clearly supports the Plaintiffs's contention that § 35A(c)(8)'s reference to the words "redeem" and "total amount due" refer to the Plaintiffs/Mortgagor's "right to redeem" or take back the legal title from the Defendant/Mortgagee by paying off the *whole* accelerated balance of the mortgage in order to end the Defendant/Mortgagee's interest in the property.

Plaintiffs further sets forth that the foreclosure statutes themselves make clear that § 35A(c)(8)'s references to the words "*redeem the property*" and "*total amount due*" are referring to the Plaintiffs' "right to redeem" or take back his title of the property by paying off the *whole* accelerated balance of the mortgage in order to end the Defendant/Mortgagee's interest in the property. The meaning of the word "redeem" in the foreclosure statutes is found in M.G.L. c. 244 § 19 which states that "the person entitled to *redeem* shall pay or tender to the mortgagee . . . the *whole* amount then due and payable on the mortgage…" (emphasis added). The language of this statute and the notice is clearly referring to *redeeming* the title to the property as paying the *whole* accelerated amount.

The Defendants contend that there is no indication within the letter that 'total amount due' could be the full accelerated amount. Yet on the same page as the challenged language the notice refers to paying the 'total amount due' when redeeming the property pursuant to M.G.L. c. 244 § 35A(c)(8) and c. 244 § 19. The use of the phrase 'total amount due' at the very least is used inconsistently since the phrase clearly refers to the post acceleration amount when citing the language of to M.G.L. c. 244 § 35A(c)(8) and c. 244 § 19. Therefore, in light of the statutory language found in the notice, the entirety of the notice indicates that the phrase "total amount due" is the full accelerated amount pursuant to M.G.L. c. 244 § 35A(c)(8) and c. 244 § 19.

III.   **The Notice sent By Rushmore On July 15, 2022 Fails to Strictly Notify The Plaintiffs of the Right To Reinstate After Acceleration Because It Contains Language That Gives the Defendants the Power to Delay Acceptance Of Or Reject The Plaintiffs Tender of Payment Pursuant To His Unequivocal Right To Reinstate.**

The notices sent by Rushmore on July 15, 2022, states that "Rushmore "reserves the right to accept or reject a partial payment of the total amount due without waving its right to proceed with foreclosure". This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgage because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate his mortgage and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place". Such ambiguous and unnecessary language seemingly gives the Defendants the power to delay acceptance of or reject the Plaintiffs' tender of payment pursuant to his unequivocal right to reinstate under Paragraphs 19 and 22 of the Mortgage. Such language conflicts with the Plaintiffs' right to "*pay*[s} Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred" (emphasis added) pursuant to the Plaintiffs' contractual right to reinstate and further serves to allow the Defendants to reject payment or continue to proceed enforcing their rights of acceleration and foreclosure if the Plaintiffs tenders payment that is less than the whole accelerated balance in breach of the Plaintiffs' unequivocal right to reinstate. Such language also is contrary to Plaintiffs' right to "avoid foreclosure by *paying* the total past due" (emphasis added). See. Fed. Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592, 595 (Mass 2017) (notice stating that mortgagor "may have a right to reinstate" "significantly, and inexcusably, differed from, watered . . . down, and overshadowed the notice that was contractually and legally required by the mortgage").

The SJC held in Thompson that the language that the mortgagor "can still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place" effectively extended

the Plaintiffs' unequivocal right to reinstate after acceleration to "anytime" before the foreclosure under the mortgage contract because the extension was explicitly contemplated by paragraph 15 of the GSE Uniform Mortgage itself: "[i]f any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.".  Unlike the inconsistent language in <u>Thompson</u> that was found in the Mortgage's 5-day limitation on the right to reinstate after acceleration, however, the inconsistent language in this case is found in the notice itself.  Contrary to the Plaintiffs' unequivocal right to reinstate that was extended to "anytime" before the foreclosure, the default/right to cure notice states on page 3 that "Rushmore "reserves the right to accept or reject a partial payment of the total amount due without waving its right to proceed with foreclosure".

Acceleration of the mortgage means that the entire total balance of the mortgage becomes immediately due and payable and establishes the Mortgagee's right to foreclose and sell the property.  Likewise, acceleration of the mortgage loan effectively renders the entire whole balance of the loan immediately due and payable.  Since the "total amount due" when the mortgage is accelerated is the accelerated amount, the additional language in the notice as noted above is contrary to, waters down and infringes upon the Plaintiffs' unequivocal right to reinstate the mortgage by paying less the accelerated amount "anytime" before the foreclosure.  Likewise, the overly general, ambiguous and unnecessary language in the notices in this case give the Defendants the power to potentially delay acceptance of or reject the Plaintiffs' tender of payment pursuant to their unequivocal right to reinstate under Paragraphs 19 and 22 of the Mortgage.  Such general language without any stated parameters or boundaries further serves to allow the Defendants to reject payment or continue to proceed enforcing their rights of acceleration and foreclosure if the Plaintiffs tenders payment that is less than the "whole" accelerated balance in breach of the

Plaintiffs' unequivocal right to reinstate and to "avoid foreclosure by paying the total past due". See. M.G.L. c. 244, §19 ("total amount due" refers to the *whole* accelerated amount rather than the "*past* due" partial amount).

 The Plaintiffs contends that the words "total amount due" without reference to the word "past" could plausibly mean the accelerated amount as opposed to the arrearage/reinstatement amount. Therefore, the words, "if your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved", do not strictly comply with the right to reinstate after acceleration and are potentially deceptive. For it is potentially deceptive for these words to suggest that the Defendant could unilaterally not accept payment or accept less than the immediately due and payable accelerated amount without resolving the matter. If the Plaintiffs considered the necessary pre-foreclosure acceleration of the note and mortgage, the entire amount of which is immediately due and payable, the Plaintiffs could potentially be deceived into believing that she would still be in foreclosure, that the loan would not be reinstated and the matter would "not be resolved" by this "problematic" language.

 As stated above, rather than state "if your payment . . . is for less than the total *past* due amount", the notice states "Rushmore "reserves the right to accept or reject a partial payment of the total amount due without waving its right to proceed with foreclosure". Why did the mortgagee as the drafter of this notice chose to distinguish these phrases by excluding the word "past" if not to mean that the "total amount due" means the accelerated amount ? What do these words mean when it is not distinguished or explained whether or not the "total amount due" is the accelerated amount or the reinstatement amount since the "total *past* due amount" means the reinstatement amount ? It creates an unavoidable repugnancy within the notice that fails to strictly comply with

Paragraph 22 of the Mortgage that is potentially deceptive as it could mislead the mortgagor to believe that a payment of less than the accelerated amount will not resolve this matter. For when the loan is accelerated the "total amount due" is the accelerated amount since this phrase does not reference the word "past" which would implicate the "past" due payments rather than the "total amount due" when the loan is accelerated and thus "immediately due and payable" as defined by the mortgage, note and plain meaning of the word "acceleration". Therefore, when the phrase references a payment that is "less than the total amount due" under a standard of strict compliance the phrase is very well referring to a payment that is less than the accelerated amount which would also include the reinstatement amount since the reinstatement amount is indeed less than the "total amount due" when the loan is accelerated. This plausible interpretation of these words runs contrary to the right to reinstate since the phrase states that the matter will not be resolved if a payment is made that is less than the accelerated amount. When reading the notice as a whole the notice essentially states that the mortgagor can still avoid foreclosure by paying the "total *past* due amount", but reserves the right not to accept the payment while also reserving the right to reject or accept any payment that is less than the "total amount due". These statements contradict each other.

## CONCLUSION

The Defendants' Motion to Dismiss should be denied thereby voiding the acceleration of the mortgage because the additional unnecessary language in the Defendants' Notice fails to strictly comply with the terms of the mortgage and renders the acceleration and any subsequent foreclosure void.

Dated: April 17, 2023                          Respectfully Submitted,
                                               Plaintiffs, By her Attorney,

                                               /s/ Todd S. Dion___ _____

Todd S. Dion, Esq. (659109)
15 Cottage Avenue, Suite 202
Quincy, MA 02169
Telephone: 401-965-4131
toddsdion@msn.com

## CERTIFICATE

I, Todd S. Dion, hereby certify that this document frilled through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, if any, on April 17, 2023.

/s/ Todd S. Dion_____