## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

C.A. No. 1:23-cv-10667-RGS

LINCOLN J. GAUDET AND DEANNE M. GAUDET,
        Plaintiffs,

vs.

RUSHMORE LOAN MANAGEMENT SERVICES, LLC and U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE TRUMAN 2021 SC9 TITLE TRUST,
        Defendants.

## U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE TRUMAN 2021 SC9 TITLE TRUST'S ANSWER AND AFFIRMATIVE DEFENSES

Now comes U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of the Truman 2021 SC9 Title Trust ("U.S. Bank") and responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

### INTRODUCTION

1) U.S. Bank admits that Plaintiffs have filed an Action against it, that the Plaintiffs held an interest in 14 Crest Road, Natick at the time of filing of the Action, and that the Plaintiffs were provided a notice of right to cure. U.S. Bank denies all factual allegations of breach of the subject mortgage, violation of law and/or other wrongdoing by the Defendants. Paragraph 1 otherwise contains conclusions of law to which no response is required. Denied to the extent that response is otherwise required.

2) No response required. Denied to the extent that response is required.

3) Denied.

### JURISDICTION AND VENUE

4)  Admitted.

5)  Admitted.

## PARTIES

6)  Admitted that the Plaintiffs were the record owners of 14 Crest Road, Natick, at the time of filing of the Action. U.S. Bank is without sufficient information to admit or deny the remaining allegations.

7)  U.S. Bank admits that Rushmore Loan Management Services, LLC ("Rushmore") services mortgage loans and that it has an address as stated. U.S. Bank denies all factual allegations of breach of the subject mortgage, violation of law and/or wrongdoing by the Defendants. Paragraph 7 otherwise contains conclusions of law to which no response is required. Denied to the extent that response is otherwise required.

8)  U.S. Bank admits that it holds the subject promissory note secured by the subject mortgage. U.S. Bank admits that there is a branch location at said address.

9)  U.S. Bank admits that it has a business relationship with Rushmore, but denies the Plaintiffs' characterization of the relationship and denies all factual allegations otherwise. Paragraph 9 otherwise contains conclusions of law to which no response is required. Denied to the extent that response is otherwise required.

10) U.S. Bank admits that Rushmore services the subject mortgage loan for U.S. Bank, but denies the Plaintiffs' characterization of the relationship and denies all factual allegations otherwise. Paragraph 10 otherwise contains conclusions of law to which no response is required. Denied to the extent that response is otherwise required.

## ALLEGATIONS OF FACT

11) U.S. Bank is without sufficient information to admit or deny where the Plaintiffs reside. Admitted that the Plaintiffs claim to own the subject property at the time of filing of the Action.

12) Denied that the referenced deed conveyed the subject property to the Plaintiffs as tenants by the entirety and denied that the referenced deed conveyed any interest in the subject property to Defendant Deanne M. Gaudet. The referenced deed otherwise speaks for itself.

13) Admitted that said Plaintiff granted the subject mortgage on the subject property. The referenced mortgage otherwise speaks for itself.

14) Denied that Plaintiff Deanne M. Gaudet was grantee in the referenced deed. Paragraph 14 otherwise contains conclusions of law to which no response is required. Denied to the extent that response is otherwise required.

15) The referenced mortgage speaks for itself.

16) The Paragraph contains legal conclusions to which no response is required and the terms of the subject mortgage speak for themselves. Denied that paragraph 22 required notice to Plaintiff Deanne M. Gaudet. Denied to the extent that response is otherwise required.

17) Admitted.

18) Admitted.

19) Admitted that the referenced notice was provided to Defendant Lincoln Gaudet. The Paragraph otherwise contains legal conclusions to which no response is required and the referenced notice and mortgage speak for themselves. Denied to the extent that response is otherwise required.

20) The Paragraph contains legal conclusions to which no response is required and the referenced notice speaks for itself. Denied to the extent that response is otherwise required.

21) The Paragraph contains legal conclusions to which no response is required and the referenced notice and mortgage speak for themselves. Denied to the extent that response is otherwise required.

22) The Paragraph contains legal conclusions to which no response is required and the referenced notice and mortgage speak for themselves. Denied to the extent that response is otherwise required.

23) The Paragraph contains legal conclusions to which no response is required and the referenced notice and mortgage speak for themselves. Denied to the extent that response is otherwise required.

24) The Paragraph contains legal conclusions to which no response is required and the referenced notice mortgage speak for themselves. Denied to the extent that response is

       otherwise required.

25) The Paragraph contains legal conclusions to which no response is required. Denied to the extent that response is otherwise required.

## COUNT I

26) No response required.

27) Admitted that the Plaintiff Lincoln Gaudet granted the subject mortgage on the subject property. The Paragraph otherwise contains legal conclusions to which no response is required and the referenced mortgage speaks for itself. Denied to the extent that response is otherwise required.

28) Admitted that the Plaintiff Lincoln Gaudet granted the subject mortgage on the subject property. The Paragraph otherwise contains legal conclusions to which no response is required and the referenced mortgage speaks for itself. Denied to the extent that response is otherwise required.

29) Admitted that the Plaintiff Lincoln Gaudet granted the subject mortgage on the subject property. The Paragraph otherwise contains legal conclusions to which no response is required and the referenced mortgage speaks for itself. Denied to the extent that response is otherwise required.

30) Admitted that the Plaintiff Lincoln Gaudet granted the subject mortgage on the subject property. The Paragraph otherwise contains legal conclusions to which no response is required and the referenced mortgage speaks for itself. Denied to the extent that response is otherwise required.

31) Admitted that the Plaintiff Lincoln Gaudet granted the subject mortgage on the subject property. The Paragraph otherwise contains legal conclusions to which no response is required and the referenced mortgage speaks for itself. Denied to the extent that response is otherwise required.

32) Denied that Defendants breached the mortgage terms. The Paragraph otherwise contains legal conclusions to which no response is required and the referenced mortgage speaks for itself. Denied to the extent that response is otherwise required.

33) The Paragraph contains legal conclusions to which no response is required. Denied to the extent that response is otherwise required.

34) The Paragraph contains legal conclusions to which no response is required. Denied to the

extent that response is otherwise required.

35) The Paragraph contains legal conclusions to which no response is required. Denied to the extent that response is otherwise required.

36) The Paragraph contains legal conclusions to which no response is required. Denied to the extent that response is otherwise required.

37) The Paragraph contains legal conclusions to which no response is required. Denied to the extent that response is otherwise required.

38) Denied that the Defendants did not comply with the terms of the subject mortgage. The Paragraph otherwise contains legal conclusions to which no response is required. Denied to the extent that response is otherwise required.

39) The Paragraph contains legal conclusions to which no response is required and the referenced mortgage speaks for itself. Denied to the extent that response is otherwise required.

40) Denied that the Defendants did not comply with the terms of the subject mortgage. The paragraph otherwise contains legal conclusions to which no response is required. Denied to the extent that response is otherwise required.

41) Denied that the Defendants did not comply with the terms of the subject mortgage. The paragraph otherwise contains legal conclusions to which no response is required. Denied to the extent that response is otherwise required.

42) Denied.
43) Denied.
44) Denied.
45) Denied.
46) Denied.
47) Denied.
48) The Paragraph contains legal conclusions to which no response is required. Denied to the extent that response is otherwise required.
49) Denied.
50) Denied.
51) Denied.
52) Denied.

53) Denied.

## COUNT II

54) No response is required.

55) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

56) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

57) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

58) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

59) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

60) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

61) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

62) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

63) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

64) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

65) Count II has been dismissed, therefore, no response is deemed required. Denied to the extent that response is deemed required.

66) No response required.

## AFFIRMATIVE DEFENSES

1) The Plaintiffs' Complaint fails to state claims upon which relief can be granted.

2) Plaintiffs are estopped by their actions from recovering against Defendants.

3) Plaintiffs are guilty of laches.

4) Plaintiffs have waived, through their actions or inaction, the ability to challenge the foreclosure process undertaken relative to the mortgage.

WHEREFORE, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of the Truman 2021 SC9 Title Trust respectfully requests that the Court:

1) Deny Plaintiff's requested relief in all regards;

2) Enter Judgment in Defendants' favor as to all Counts of Plaintiffs' Complaint;

3) Award Defendants their reasonable attorney's fees and costs; and

4) Grant such other relief as the Court deems appropriate and just.

Respectfully submitted,

U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of the Truman 2021 SC9 Title Trust,
By its attorneys,

*/s/ Steven G. Manchini*
Steven G. Manchini, Esq. - BBO# 635051
CUNNINGHAM, MACHANIC, CETLIN, JOHNSON, HARNEY & TENNEY, LLP
220 North Main Street, Ste. 301
Natick, MA  01760-1100
TEL: 508-651-7524, ext. 232
FAX: 508-653-011
smanchini@cmlaw.net

Dated: 5/17/2023

## CERTIFICATE OF SERVICE

I, Steven G. Manchini, hereby certify that I served U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of the Truman 2021 SC9 Title Trust's Answer and Affirmative Defenses electronically through CM/ECF and by electronic mail on this 17th day of May, 2023, on the following:

Attorney for Lincoln J. Gaudet and Deanne M. Gaudet-
Todd S. Dion, Esq.
15 Cottage Avenue, Ste. 202
Quincy, MA 02169
toddsdion@msn.com

John F. Willis, Esq.
Fidelity National Law Group
125 High Street, Suite 1813
Boston, MA 02110
John.Willis@fnf.com

                                         */s/ Steven G. Manchini*
                                         Steven G. Manchini (BBO #635051)